# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CT UTILITY SERVICE, INC., <br> **Plaintiff** <br> v. <br> DAVEY TREE EXPERT COMPANY, et al., <br> **Defendants.** | C.A. No. 19-293 Erie <br><br> District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I.   BACKGROUND

Plaintiff CT Utility Service, Inc., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, initiated this action by filing a complaint in the Court of Common Pleas of Venango County, Pennsylvania, against Defendants Davey Tree Expert Company and Davey Resource Group, both of which are corporations organized and existing under the laws of the State of Ohio. The action was subsequently removed to this Court pursuant to a Notice of Removal filed by Defendants on October 11, 2019. [ECF No. 1].

This action arises from an oral contract entered between the parties in July 2018, pursuant to which Plaintiff agreed to provide traffic control services, including signage, cones, and flagmen, while Defendants installed cable in various locations in the State of New York. According to the complaint, Plaintiff provided these services from February 16, 2019 through April 6, 2019, and submitted seven invoices for its services totaling $104,733.00, which Defendants have allegedly failed and/or refused to pay. As a result, Plaintiff seeks to recover from Defendants the total amount allegedly owed for their services, by asserting four counts:

Count I - Breach of Contract; Count II - Unjust Enrichment; Count III – Quantum Meruit; and Count IV - Fraud.

Now pending before the Court is Defendants' motion for partial dismissal of Plaintiff's complaint [ECF No. 2], by which they seek to dismiss Count IV of Plaintiff's complaint. Despite having been granted ample time to file a brief in opposition to Defendants' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

## II.	DISCUSSION

Plaintiff alleges that it was "induced to comply with its obligations under the ongoing Agreement with Defendants and to provide its services based upon Defendants' … misrepresentations that Plaintiff would be timely compensated for services, ad reimbursed for lodging and meal expenses." (ECF No. 1-1, at ¶ 29). Defendants seek dismissal of this claim, arguing that it violates Pennsylvania's "gist of the action" doctrine. The Court agrees.

Under Pennsylvania law, "the gist of the action doctrine provides that a tort claim 'based on [a] party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action ... although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations.'" Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016), quoting Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014). To evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because "the nature of the duty alleged to have been breached ... [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." Bruno, 106 A.3d at 68. "In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort ... is not controlling." Id.

Here, it is plain from Plaintiff's allegations that its fraud claim arises solely from Defendants' alleged failure to meet its contractual obligations under the parties' oral agreement. The principal difference between Plaintiff's "fraud" claim and its breach of contract claim is that Plaintiff recharacterizes Defendants' failure and/or refusal to pay as a conspiracy to "suspend" payment for reasons that were "unwarranted" and "unreasonable." This change in language does nothing to change the substance of Plaintiff's claim from one sounding in contract to one sounding in tort. Thus, Plaintiff's fraud claim violates the gist of the action doctrine and will be dismissed.

An appropriate Order follows.